UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICO MASSA,

    Petitioner,

-against-

UNITED STATES OF AMERICA,

    Respondent.

00-cr-1118 (JSR)
18-cv-6469 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On December 2, 2002, petitioner Americo Massa pled guilty to (1) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) ("Count 1"); (2) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C § 1959(a)(5) ("Count 2"); and (3) use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), for which the predicate offense was conspiracy to commit murder in aid of racketeering ("Count 3"). Although the offense level and the defendant's criminal history generated a Sentencing Guidelines range of life imprisonment, the statutory maximum terms of imprisonment were 20 years on Count 1, 10 years on Count 2, and 5 years on Count 3, producing an ultimate Guidelines range of 35 years' imprisonment. The Court thus[1] sentenced Massa to a total of 420

---

[1] Because Massa was sentenced prior to United States v. Booker, 543 U.S. 220 (2205), which made the Guidelines discretionary, the Court was required to impose the Guidelines sentence.

1

months' imprisonment, or 35 years' imprisonment, comprised of 240 months' imprisonment on Count 1, 120 months' imprisonment on Count 2, and 60 months' imprisonment on Count 3, to run consecutively with each other.

In 2009, Massa submitted an application for a writ of Error Audita Querela to modify the judgment of conviction, which this Court denied. Massa later moved vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Mot. to Vacate, ECF No. 1[2]; see also Letter from Massa, ECF No. 9. Specifically, Massa argued that his conviction on Count 3 must be vacated because conspiracy to commit murder was not a "crime of violence" under 18 U.S.C. § 924(c). Although the Court agreed with the substance of Massa's argument in light of United States v. Davis, 139 S. Ct. 2319 (2019), the Court found that it was procedurally barred from addressing the argument because Massa's petition was a second or successive Section 2255 petition. See Order, ECF No. 14. The Court thus transferred the petition to the Second Circuit. The Second Circuit, finding that the habeas petition was not in fact successive, has remanded the petition to this Court for consideration on the merits.

On the merits, and in light of Davis, all parties now agree that the offense of conspiracy to commit murder in aid of

---

[2] All citations to docket entries refer to the civil docket.

racketeering, 18 U.S.C. § 1959(a)(5), is not a predicate crime of violence for purposes of Section 924(c). Accordingly, and with the Government's consent, the Court vacates Massa's Section 924(c) conviction. Moreover, the Court reduces Massa's sentence by 60 months, the term of imprisonment attributable to Count 3. Such a simple correction, rather than a full resentencing, is warranted because Massa's Section 924(c) conviction had no effect on the sentence imposed for the two remaining counts of conviction. See United States v. Gordils, 117 F.3d 99, 104 (2d Cir. 1997) (finding that full resentencing may be appropriate "in the context of a 'truly interdependent' sentence"). The Court thus amends the judgment to find Massa guilty only of (1) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and (2) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C § 1959(a)(5), and amends the sentence to 360 months' imprisonment.

    SO ORDERED.

Dated:    New York, NY

            April 15, 2020                        United States District Judge